UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 922-cv-80369

KELLY STONE, RICHARD BUTLER,
AND DERMACARE PACKAGING
& PRIVATE LABEL, LLC,

    Plaintiffs,

v.

OMRI SHAFRAN AND TEXAS
MEDICAL TECHNOLOGY, LLC,

    Defendants.

_____/

## DEFENDANTS' *PARTIALLY UNOPPOSED* MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Defendants, by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), moves for an extension of time through May 5, 2022, to respond to Plaintiff's Complaint (DE 1) and states:

    1.    Plaintiffs filed the Complaint (DE 1) on March 9, 2022.

    2.    The Complaint contains 120 paragraphs, spans 31 pages, and asserts five claims for relief: (1) Lanham Act Violations; (2) violation of FDUTPA; (3) Business Disparagement; (4) Defamation *Per Se*; (5) Interference with Business Relationships. DE 1. Most of the claims contain completely separate legal elements.

    3.    Plaintiffs served Defendants with process on March 15, 2022. DE 5.

    4.    Defendants must respond to the Complaint on or before April 5, 2022.

    5.    Defendants retained the undersigned counsel on March 30, 2022.

    6.    There is good cause to grant an extension of time through May 5, 2022, for Defendants to respond to the Complaint.

7. Undersigned counsel had pre-scheduled depositions in other matters on March 31, 2022, and April 1, 2022, and also had pre-scheduled hearings and a mediation on April 4, 2022, such that undersigned was unable to complete the investigation of the facts and claims alleged in the Complaint in order to prepare an appropriate response thereto, as required by the Federal Rules of Civil Procedure.

8. Further, at this time, Defendants may have a valid objection to this Court's personal jurisdiction. Making that determination will require further meetings between undersigned counsel and Defendants as well as significant legal research because an analysis must be performed to each of the claims alleged in the Complaint to determine whether there is jurisdiction over Defendants in this Court for any of them.

9. This is the first request to extend this deadline.

10. Defendants seek the instant extension in good faith and not for any improper purpose.

11. On March 31, 2022, undersigned counsel contacted counsel for Plaintiffs to request the instant extension.

12. Counsel for Plaintiffs indicated that Plaintiffs would be amenable to the 30-day extension requested herein if Defendants removed or caused the removal of certain alleged defamatory statements posted in several websites.

13. In response to those conditions imposed by Plaintiffs, undersigned counsel indicated that the extension request was being made to accommodate the undersigned counsel's pre-existing schedule and obligations and that undersigned counsel had hoped that Plaintiffs could agree to some form of extension without the imposition of conditions over which undersigned counsel had and has limited control.

14. Undersigned counsel again met and conferred on April 1, 2022, in furtherance of this extension request, at which time undersigned explained that he would undertake good faith efforts to accomplish what Plaintiffs conditioned their agreement on (i.e., Defendants removing or causing the removal of certain alleged defamatory publications in the internet concerning Plaintiffs).

15. Critically, undersigned thoroughly investigated the websites containing the publications Plaintiffs identified and met with Defendants to determine whether it is possible to remove or cause the removal of the alleged defamatory online publications about Plaintiffs. Defendants, however, do not control the websites containing the alleged defamatory statements and, thus, despite the diligent good faith efforts of undersigned counsel, Defendants and undersigned counsel could not meet the conditions that Plaintiffs imposed to obtain their agreement to the requested extension.

16. To be sure, Plaintiffs do not object to an extension through April 8, 2022. However, that amounts to a mere 3-day extension of time and is woefully insufficient for undersigned counsel to complete the investigation and analysis necessary to determine whether Defendants have a viable jurisdictional challenge and to formulate a response to the Complaint.

17. Additionally, undersigned has a pre-planned out-of-state vacation from April 13, 2022, to April 18, 2022.

18. Defendants submit that granting the instant extension will not adversely affect orderly progression of this matter.

**WHEREFORE**, for good cause shown, Defendants respectfully requests that the Court enter an order granting Defendants an extension of time up to and including May 5, 2022, to respond to the Complaint (DE 1).

## **RESERVATION OF RIGHTS AND NON-WAIVER**

Defendants object to the Court's personal jurisdiction over them for all allegations and claims asserted in the Complaint herein. Defendants hereby expressly reserve and do not waive any right to object to the Court's personal jurisdiction over them in this proceeding.

## **LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that I met and conferred with Plaintiffs' counsel regarding the relief sought herein. As explained above, Plaintiffs do not oppose an extension through April 8, 2022. Plaintiffs did not oppose a 30-day extension on condition that Defendants either removed or caused the removal of certain alleged defamatory internet publications about Plaintiffs. Defendants undertook a good faith investigation and efforts to meet Plaintiffs' conditions but were unable to do so by the time of Defendants' response deadline. Accordingly, this Motion is partially unopposed.

Respectfully submitted on April 4, 2022.

*s/ Andrew R. Schindler*
FBN 124845
*aschindler@grsm.com*

**GORDON REES SCULLY MANSUKHANI LLP**
100 SE 2nd Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5339
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 4, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a true and correct copy of the foregoing on all counsel or parties of record designated to receive service in CM/ECF.

/s/ *Andrew R. Schindler*
Andrew R. Schindler