UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80369-CV-MIDDLEBROOKS

KELLY STONE, RICHARD BUTLER and
DERMACARE PACKAGING & PRIVATE
LABEL, LLC,

      Plaintiffs,

v.

OMRI SAFRAN and TEXAS MEDICAL
TECHNOLOGY, LLC,

      Defendants.
_____/

## ORDER ON MOTION FOR EXTENSION OF TIME

THIS CAUSE comes before the Court on Defendants' Partially Unopposed Motion for Extension of Time (DE 7), filed April 4, 2022. The Motion is fully briefed. (DE 15; DE 16). For the reasons set forth below, the Motion is granted in part.

Defendants seek an extension of time to respond to the complaint from April 5, 2022 until May 5, 2022, because: (1) counsel was retained on March 30, 2022 and counsel had depositions in other matters on March 31, 2022 and April 1, 2022, and hearings and a mediation on April 4, 2022; (2) the 31-page, 120-paragraph complaint asserts five claims for relief (violation of the Lanham Act, violation of the Florida Deceptive and Unfair Trade Practices Act, business disparagement, defamation per se, and interference with business relations); (3) Defendants have a potential objection to personal jurisdiction but additional time and research is necessary to assess the viability of those arguments as to each claim and defendant; and (4) counsel has a pre-planned vacation from April 13, 2022 until April 18, 2022. (DE 7).

Plaintiffs are amenable to a one-week extension but oppose a 30-day extension largely because they claim that they will be prejudiced in that they continue to be defamed by Defendants and the extension will delay their ability to obtain relief. (DE 16 at 2, 7–9). However, it is always the case that an extension of any filing deadline for the opposing party incrementally delays the litigation, and in my view, a few weeks is relatively minimal in the grand scheme of the entire litigation.

Motions for extensions of time must set forth good cause supported by specific facts. Further, timely motions for extensions "should be liberally granted absent a showing of bad faith . . . or undue prejudice." *Lizarazo v. Miami-Dade Corrs. & Rehabilitation Dep't*, 878 F.3d 1008, 1012 (11th Cir. 2017) (citation omitted). Having considered the motion and Plaintiffs' objections, I find that Defendants' motion sets forth good cause for a 20-day extension.

Further, since Plaintiffs assert that a 30-day extension of time would leave them "no option but to file motions for emergency and preliminary relief" (DE 16 at 2, 7), I suggest that Plaintiffs review the Local Rule addressing emergency motions, including the provision regarding sanctions for unwarranted emergency designations. *See* S.D. Fla. L.R. 7.1(d)(1).

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendants' Partially Unopposed Motion for Extension of Time (DE 7) is **GRANTED IN PART**.

(2) Defendants shall respond to the Complaint **on or by April 25, 2022**.

**SIGNED**, in Chambers, at West Palm Beach, Florida, this 8th day of April, 2022.

Donald M. Middlebrooks
United States District Judge

cc:   All Counsel of Record

2