**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:22-cv-80369-DMM**

**KELLY STONE, RICHARD BUTLER,**
**AND DERMACARE PACKAGING**
**& PRIVATE LABEL, LLC**,

      Plaintiffs,

v.

**OMRI SHAFRAN, DIMITRI MENIN,**
**AND TEXAS MEDICAL**
**TECHNOLOGY, LLC**,

      Defendants.

_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE**
<u>**DEFENSES TO SECOND AMENDED COMPLAINT**</u>

Defendants, Omri Shafran ("Shafran"), Dimitri Menin ("Menin"), and Texas Medical Technology, Inc. ("TMT"), by and through their undersigned counsel, hereby respond to Plaintiffs' Second Amended Complaint (DE 73) ("SAC") as follows:

    1.      Without knowledge.

    2.      Without knowledge.

    3.      Without knowledge.

    4.      Admitted.

    5.      Admitted.

    6.      Admitted.

    7.      Denied. The Court dismissed Plaintiff DermaCare Packaging & Private Label, LLC's ("DermaCare") claim alleging violations of the Lanham Act. DE 69 at 28-29.

    8.      Denied.

    9.      Defendants do not object to subject matter jurisdiction under 28 U.S.C. § 1332(a).

    10.      Defendants object to this Court's jurisdiction over them, and thus object to venue in the instant Court.

    11.      Defendants object to this Court's jurisdiction over them.

1

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 ▪ Miami, FL 33131

12.     Denied as phrased.

13.     Denied as phrased, except Shafran admits meeting with Plaintiff Richard Butler in Florida in December of 2021.

14.     The alleged statements speak for themselves. Defendants deny that any were defamatory in nature. Defendants also deny that every statement "alleged in ¶¶ 54-75" were sent to at least two persons in Florida. The Court's Order partially granting Defendants' Motion to Dismiss found that there is no jurisdiction over the "twelve emails that were allegedly sent by Defendant Shafran to people in Florida."

15.     Denied.

16.     Denied as phrased.

17.     Upon information and belief, Defendants admit that DermaCare was an authorized distributor of Flowflex COVID -19 Test Kits ("Tests"). Defendants are without knowledge as to the remaining allegations in Paragraph 17.

18.     Without knowledge.

19.     Without knowledge.

20.     Without knowledge as phrased, except Defendants admit that Plaintiffs in at least some instances provided them with lead times for purchases of Tests. However, those lead times often changed after TMT placed its order for Tests.

21.     Without knowledge.

22.     Without knowledge as phrased. The referenced written communications speak for themselves.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

23.     TMT admits that DermaCare breached its obligation to provide the promised test kits within the timeframe originally agreed upon and that given DermaCare's breach placed TMT in an impossible position, TMT had no choice but to acquiesce.

24.     Admitted that TMT first ordered tests from DermaCare in December of 2021 and paid via wire transfer. Defendants deny Plaintiffs' characterization of any alleged oral communications and demand strict proof thereof. Any alleged written communications or documents speak for themselves.

25.     TMT admits that it sought to place orders for Tests in December and January of 2022. Defendants deny Plaintiffs' characterization of any alleged oral communications and demand strict proof thereof. Any alleged written communications speak for themselves.

26.     Defendants deny Plaintiffs' characterization of any alleged oral communications and demand strict proof thereof. Any alleged written communications speak for themselves.

27.     Defendants deny Plaintiffs' characterization of any alleged oral communications and demand strict proof thereof. Any alleged written communications and documents speak for themselves. TMT admits that it wired DermaCare funds in January of 2022.

28.     TMT admits that it placed an order with DermaCare on January 24, 2022, for $109,440 and on January 26, 2022, for $183,168.

29.     Denied as phrased.

30.     Denied.

31.     Denied as phrased.

32.     Defendants deny Plaintiffs' characterization of any alleged oral communications and demand strict proof thereof. Any alleged written communications speak for themselves.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

Defendants are without knowledge as to any communications between Plaintiffs and any third parties.

33.     Without knowledge.

34.     Without knowledge.

35.     Without knowledge.

36.     Without knowledge.

37.     Without knowledge.

38.     Without knowledge.

39.     Denied as phrased.

40.     Denied.

41.     Without knowledge.

42.     The alleged publication speaks for itself, which publication Defendants deny that they either published or caused to be published.

43.     Denied.

44.     Without knowledge.

45.     Without knowledge.

46.     Denied.

47.     Denied.

48.     The allegations in the referenced unrelated litigation speak for themselves. Denied as phrased.

49.     The allegations in Paragraph 49 are not factual allegations to which a response is required. The extent a response by Defendants is required, denied.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

50.    The allegations in Paragraph 50 are not factual allegations to which a response is required. The extent a response by Defendants is required, denied. Defendants specifically deny that they either published or caused the publication of the referenced publication.

51.    Any alleged written publication speaks for itself. Defendants deny that the statements are defamatory.

52.    Any alleged written publication speaks for itself. Defendants deny that the statements are defamatory.

53.    Denied.

54.    Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraph.

55.    Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraph.

56.    Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraph.

57.    Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraph.

58.    Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraph.

59.    Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraph.

60.    Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in Paragraphs 54 through 60.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 ▪ Miami, FL 33131

61.     Shafran admits reporting, in good faith, suspected violations of the law to the Federal Bureau of Investigation, which is a protected activity under the First Amended to the United States Constitution, including the *Norr-Pennington* doctrine.

62.     Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraph.

63.     Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraph.

64.     Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraph.

65.     Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraph.

66.     Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraph.

67.     Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraph.

68.     Shafran admits reporting, in good faith, suspected violations of the law to the Florida Attorney General, which is a protected activity under the First Amended to the United States Constitution, including the *Norr-Pennington* doctrine.

69.     Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraph.

70.     Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraphs 62-67, and 69.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

71.     Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraph.

72.     Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraph.

73.     Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraph.

74.     Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraph.

75.     Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in Paragraphs 71 through 74.

76.     Denied as phrased.

77.     Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraph.

78.     Denied.

79.     Denied. The court's November 21, 2022, Order (DE 69 at 22-24) found that there is no jurisdiction over the alleged statements referenced in this Paragraph.

80.     Denied. Any referenced documents speak for themselves.

81.     The allegations in Paragraph 81 are not factual allegations to which a response is required. To the extent a response is required, denied.

82.     Any referenced documents speak for themselves.

83.     Any referenced documents or communications speak for themselves.

84.     Denied as phrased.

85.     Denied as phrased.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 ▪ Miami, FL 33131

86.     Denied.

87.     Denied.

88.     TMT admits that APX Supplies & Trading sued it in Texas under its former name, Texas Medical Center Supply, LLC, which allegations speak for themselves, and which are not germane to Plaintiffs' claims herein.

89.     TMT admits that it formerly operated using the name "Texas Medical Center Supply, LLC."

90.     TMT admits that there were no transactions between DermaCare and TMT when it used the name Texas Medical Center Supply, LLC.

91.     TMT's allegations in the referenced separate litigation both speak for themselves and are protected under the litigation privilege.

92.     TMT's allegations in the referenced separate litigation both speak for themselves and are protected under the litigation privilege.

93.     TMT's allegations in the referenced separate litigation both speak for themselves and are protected under the litigation privilege.

94.     TMT's allegations in the referenced separate litigation both speak for themselves and are protected under the litigation privilege.

95.     TMT's allegations in the referenced separate litigation both speak for themselves and are protected under the litigation privilege.

96.     TMT's allegations in the referenced separate litigation both speak for themselves and are protected under the litigation privilege.

97.     The allegations in Paragraph 97 are not factual allegations to which a response is required. To the extent a response is required, denied.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

98.     The allegations in Paragraph 98 are not factual allegations to which a response is required. To the extent a response is required, denied.

99.     The allegations in Paragraph 99 are not factual allegations to which a response is required. To the extent a response is required, denied.

100.    [The SAC does not contain a paragraph 100.]

**COUNT I**
**BUSINESS DISPARAGAMENET**
(*DermaCare v. Shafran, Menin, TMT*)

Defendants incorporate and re-allege their responses to Paragraphs 1 through 99 above as though fully set forth herein.

101.    Denied. Defendants further respond that the Court found no jurisdiction over the communications alleged in paragraphs 54-60, 62-67, 69-75, 88-89. *See* DE 69 at 22-24. Additionally, any statements made in the context of separate pending litigation is protected by the litigation privilege.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.

**COUNT II**
**DEFAMATION PER SE**
(*Butler and Stone v. Shafran, Menin, TMT*)

Defendants incorporate and re-allege their responses to Paragraphs 1 through 99 above as though fully set forth herein.

106.    Denied.

107.    Denied.

9

108.     Denied.

109.     Denied.

110.     Denied.

111.     Denied.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiffs' claims are barred because they fail to state a claim.

2.      Plaintiffs' claims are barred because Plaintiffs suffered no damages as a result of any conduct by the Defendants.

3.      Plaintiffs' claims are barred because the alleged statements on the part of Defendants were not the legal cause of any damage to Plaintiffs.

4.      Plaintiffs' claims are barred to the extent they failed to mitigate their damages, if any.

5.      Plaintiffs' claims are barred because Plaintiffs cannot show that Defendants acted with any actual malice.

6.      Plaintiffs' claims are barred because none of the alleged defamatory statements are capable of defamatory meaning.

7.      Plaintiffs' claims are barred because the alleged defamatory statements are either true or constitutionally protected opinions, the bases for which were fully disclosed.

8.      Plaintiffs' claims are barred by the First Amendment to the United States Constitution, including but not limited to the *Noerr-Penington* doctrine.

9.      Plaintiffs' claims are barred because the allegedly defamatory statements were privileged, as Defendants reports to law enforcement were made in good faith.

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 ▪ Miami, FL 33131

10.     Plaintiffs' claims are barred because they cannot show that Defendants acted with reckless disregard for the truth.

11.     Plaintiffs' claims are barred because the allegedly defamatory statements are truthful or substantially truthful.

12.     Plaintiffs' claims are barred because the allegedly defamatory statements are not defamatory *per se*.

13.     Plaintiffs' claims are barred by the doctrines of waiver and estoppel due to Plaintiffs' own conduct.

14.     Plaintiffs' claims are barred by the doctrine of unclean hands.

15.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Defendants' inability to pay any such award, and by Section 768.7, Florida Statutes.

16.     Plaintiffs' claims are barred, in whole or in part, by the litigation privilege to the extent Plaintiffs' claims are predicated on alleged statements TMT made in separate pending litigation.

17.     Plaintiffs cannot recover some or all of their claimed damages because any such alleged damages and/or injuries are too speculative to be recoverable at law.

18.     To the extent Plaintiffs suffered any damages, TMT is entitled to an offset for damages suffered by TMT as a result of Plaintiffs' actions, including breaching various contracts for the provision of Tests to TMT.

19.     Menin objects to this Court's personal jurisdiction over him.

### PRAYER FOR RELIEF

WHEREFORE, Defendants demand judgment as follows:

A.  That Plaintiffs take nothing by virtue of the SAC;

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131

B.  That the SAC be dismissed with prejudice;

C.  That attorneys' fees and costs be taxed against Plaintiffs;

D.  For such other relief the Court deems equitable just; and

E.  Defendants demand a jury.

Respectfully submitted on January 20, 2023.

*s/ Andrew R. Schindler*
FBN 124845
*aschindler@grsm.com*

**GORDON REES SCULLY**
**MANSUKHANI LLP**
100 SE 2nd Street, Suite 3900
Miami, Florida 33131
Telephone: (305) 428-5339
***Counsel for Defendants***

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 • Miami, FL 33131